WELCH GRAPE JUICE COMPANY *v.* ROBERTS.

4-9953                                        253 S. W. 2d 769

Opinion delivered December 22, 1952.
Rehearing denied January 26, 1953.

*Shaw, Jones & Shaw,* for appellant.
*Greenhaw & Greenhaw,* for appellee.

ROBINSON, Justice. Appellee, Roberts, had worked for appellant, Welch Grape Juice Company, about one week when he became disabled due to a hernia which he claimed was caused by slipping and falling while carrying a box of grapes. He also claims his back was injured in the alleged accident. The Workmen's Compensation Commission refused to make an award for either alleged injury. Roberts appealed to the Circuit Court. The commission's action in not making an award for the alleged back injury was affirmed, but the commission was ordered to make an award because of the hernia. The employer has appealed.

The commission reached the following conclusion:

"The question for determination in this case is whether or not the claimant sustained an accidental injury as alleged by him.

"In this connection the record reflects that the claimant's signed statement, which was introduced, is to the effect that he had never sustained a hernia. The testimony he gave was to the effect that he had been suffering with hernia for a year or more prior to his employment with the Welch Grape Juice Company. The claimant stated that he was working with three other employees at the time he slipped and fell on the night of September 9, 1949; that he did not know the names of any of these employees, and did not attempt to secure their attendance at the hearing.

"Mr. Goheen, who checked the claimant out the night he got sick, did not receive any history of an accidental injury and according to his testimony the claimant merely stated he was sick at his stomach, and later he was unable to locate anyone about the plant who could substantiate the claimant's story of having slipped and fallen.

"The undisputed evidence reflects that the claimant never made a claim for compensation nor did he make any inquiry at the Welch Grape Juice office. The first claim for compensation that was brought to the attention of the Welch Grape Juice Company was the claim made before the Commission.

"Dr. Sisco, who first saw and operated on the claimant, failed to make any mention of the claimant giving a history of any injury in his report of September 20, 1949. This report merely states that while the claimant was working he had a sudden pain in his right side and got sick; it is unfortunate that Dr. Sisco did not give the history of the alleged injury so that it could be verified, but being busy through oversight this was not done. The records of the City Hospital, Fayetteville, Arkansas, do not reflect that any statement was

made by the claimant of having sustained an accidental injury, although the claimant was confined to the institution for a period of about 12 days.

"The only evidence the claimant produced that would substantiate his present story of having slipped and fallen is the last statement of Dr. Sisco one year later, after refreshing his memory, that the claimant stated to him that he thought his pain started when he slipped on the floor while carrying a crate, and the sudden jerk started his hernia to bothering him. It is also noted in Dr. Sisco's report of September 8, 1950, that on September 16, 1949, the claimant complained of backache, and he advised the claimant to have bed rest, and the claimant's back was strapped with adhesive in order to give him relief. The claimant was released from the hospital and on one or two occasions from the time of his release from the hospital on September 22, 1949, he went to Dr. Sisco for a check-up. This check-up was in regards to his operation, and no mention was made of any back condition, during all of the time from September 22, 1949, until the present time, so far as Dr. Sisco is concerned.

"Dr. Samuel B. Thompson, Orthopedic Surgeon, Little Rock, Arkansas, examined the claimant's back and does not attribute his present condition to any accidental injury.

"After a careful consideration of all the evidence in this case, it is the opinion of the Commission, that the claimant has failed to establish an accidental injury arising out of and occurring during the course of his employment with the respondent employer on September 9, 1949, and that the disability the claimant alleges has no causal connection with his employment with the respondent employer, Welch Grape Juice Company."

Roberts was employed in September, 1949, as a laborer by the Welch Grape Juice Company. On the night of September 9th he was compelled to stop working because of a strangulated hernia. The attending

physician was unable to reduce the hernia by manipulation and ordered him removed to a hospital where an operation was performed that night. A few days later, while still in the hospital, Roberts, for the first time, complained of soreness in his back. There was a hearing before the compensation commission about a year later when he testified that he was still unable to work because of the alleged injury to his back.

In all probability, if any kind of accident had occurred which injured Roberts, he would have reported it to his foreman on the night it was alleged to have happened. Roberts claims to have given such information to the foreman, who, on the other hand, maintains he did not receive such information. Both men appeared before the compensation commission, and the commission was in a better position to judge the credibility of the two witnesses. Furthermore, the following hospital record was introduced in evidence, dated September 10th, 1949, apparently only a few hours after he had entered the hospital, and it reads: "Chief complaint: Date and mode of onset, probable cause, course—CC: Severe cramping in the abdomen with nausea and vomiting— duration 4 hours. Patient states that approximately at 9:00 o'clock while working at the Welch Grape Juice, he took with pain in the right inguinal region and became deathly sick. He immediately went home and there vomited. He was seen by a physician at 12:30, who brought him immediately into the hospital. He states that he has had a hernia in the right inguinal region for approximately one year, but this is the first time it has ever given him any trouble. Attempts at reducing were done in the home, but were unsuccessful, and the doctor did not procrastinate, and advised immediate surgery." Details of his past history were also given, but no mention whatever at that time was made of any accident or of any injury to his back.

About six or seven days after appellee had been operated on, he complained of pain in his back, but on September 20th the hospital record shows: "Back improved. Apparently the point of tenderness is localized

over site of spinal puncture". It is highly probable that if appellee had suffered a fall of such severity as to cause a strangulated hernia or an injury to his back, which disabled him for over a year, he would have said something about such alleged injury at the time he now claims it occurred.

In our opinion, the evidence sustains the finding of the commission.

Reversed.